A96A2454. TOLLMAN v. ZAMANI et al.
(481 SE2d 232)

BLACKBURN, Judge.

Lawrence A. Tollman appeals the trial court's grant of summary judgment to Mostafa Zamani and Frank B. Bradshaw, Jr., on Tollman's claim for damages he sustained while a licensee on property owned by Bradshaw.

On the morning of February 18, 1994, Tollman's car broke down on his way to work. Tollman walked to a convenience store to call a co-worker to come pick him up. The convenience store was owned and operated by Zamani, who leased the building from Bradshaw. Zamani also had parking rights in the adjacent parking lot, which was owned by Bradshaw.

After using the phone, Tollman went outside the store and stood in the parking lot waiting for his co-worker to arrive. The store stood at the top of an incline, and the parking lot sloped downward from the store toward the street. In the parking lot close to the street was a concrete block approximately ten inches high and thirty inches wide. Protruding from the top of the block were four metal bolts approximately six inches high.

While waiting for his co-worker, Tollman stood near the block. As he was standing there, a car which had been parked in front of the convenience store rolled down the incline and hit Tollman in the back, pinning him against the block. The metal bolts pierced Tollman's leg, causing severe damage. Tollman sued Bradshaw and Zamani as the owner and operator of the premises, alleging that the block and bolts constituted a dangerous condition. The trial court granted summary judgment to Zamani and Bradshaw, and Tollman appeals.

On appeal of a grant of summary judgment, this Court reviews the evidence de novo to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). In order to prevail on summary judgment, a defendant must negate at least one essential element under every theory of recovery fairly drawn from the pleadings and the evidence. *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 49 (3) (332 SE2d 304) (1985).

The parties agree that Tollman's status at the time of the accident was that of a licensee. Under Georgia law, "[t]he owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). "An owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm. This is the obligation not to lay for him or permit to exist pitfalls or mantraps in which it may be reasonably anticipated he will become ensnared." (Citation and punctuation omitted.) *Wren v. Harrison*, 165 Ga. App. 847, 848-849 (303 SE2d 67) (1983).

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." (Punctuation omitted.) *Strickland v. ITT Rayonier*, 162 Ga. App. 317, 318 (2) (291 SE2d 396) (1982). "[W]here a licensee has *equal knowledge* of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the owner and there is no liability to the licensee." *Evans v. Parker*, 172 Ga. App. 416, 417 (1) (323 SE2d 276) (1984).

Pretermitting the question of whether the block constituted an unreasonably dangerous condition, the evidence clearly shows that Tollman knew or should have known of the block and any risks posed thereby. Tollman admitted in his deposition that he walked toward the block after leaving the store and stood near the block for some time waiting for his co-worker to arrive. He admitted that it was daylight, that there was nothing obstructing his view of the block, and that the block was in front of him for him to examine if he had chosen to do so. Although he stated that he did not know how far he was standing from the block, he testified that he was standing near the block and fell forward onto the block when struck in the back by the car.

The evidence thus clearly establishes that Tollman knew or should have known of the existence of the block with its protruding bolts. See *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996) ("where there is nothing to obstruct or interfere with the [visitor's] ability to see the static defect, the owner is justified in assuming that the visitor will see it and realize the risks involved"). The only risk potentially posed by the block was the risk that an individual would fall or be knocked onto the block and the protruding bolts, and these risks would be equally apparent to any individual with knowledge of the block. The fact that Tollman was struck from an unexpected direction does not alter the analysis, as there is no evidence that Bradshaw or Zamani had greater knowledge than Tollman of the particular risk that a parked car would roll down the incline and pin Tollman against the block. Indeed, Tollman testified at his deposition that he had trained and worked as an auto mechanic and was well aware of the fact that parked cars sometimes roll down hills because they slip out of gear or a parking brake is not properly applied. Thus, Tollman had equal or superior knowledge of the risks posed by standing near the block.

*Intl. Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228) (1986), cited by Tollman, does not change the analysis. That case held that a landowner whose land is immediately adjacent to a public way "may not, without incurring a duty, maintain an artificial condition so situated that persons lawfully *using the public way* may, by accident or some force not their own fault, fall upon and be injured by the artificial condition. If an artificial condition exists under these circumstances, the landowner owes a duty of due care to guard, cover or protect it *for the safety of those on the public way*." (Citations omitted; emphasis supplied.) Id. at 55. In the present case, Tollman was not using a public way when he was injured, but was a licensee standing on private property. The car which pinned him against the block was not operating on a public way, but had been parked on the private parking lot. The mere fact that the block was located close to a public street does not increase the duty owed by Bradshaw and Zamani to Tollman as a licensee.

Since Tollman knew or should have known of the existence of the block and the risks posed thereby, the trial court did not err in granting summary judgment to Zamani and Bradshaw. See *Strickland*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

Decided January 22, 1997 —
Reconsideration denied February 6, 1997.

*Arnall, Golden & Gregory, James A. Gober, Scott E. Taylor,* for

appellant.

*Hawkins & Parnell, William H. Major III, Roger M. Goode*, for appellees.