A01A2402. WILLIAMS et al. v. J. J. BUTLER, INC.
(558 SE2d 449)

ELDRIDGE, Judge.

Lillie M. Williams, as an invitee of J. J. Butler, Inc. d/b/a Butler Lexus, fell crossing its parking lot where she claimed to have tripped over a "ridge" in the asphalt surface, which she had not seen prior to her fall or after her fall although there were no cars or other obstructions to prevent her from seeing it. Mrs. Williams and her husband George sued Butler Lexus for negligence. Butler Lexus answered, and after the depositions of the plaintiffs, it moved for summary judgment, which the trial court granted. We affirm.

Neither immediately before her fall nor immediately after her fall did plaintiff see what caused her fall. Plaintiff's husband was not with her when she fell and did not see her fall or where she fell. After returning from receiving medical treatment, Mrs. Williams and her husband looked for the cause of her fall and identified the "ridge" as the cause. However, subsequently they were never able to relocate the "ridge," and the plaintiff could not describe the "ridge" other than it was a raised area. The plaintiffs never pointed out the "ridge" to any employee of the defendant. The general manager and service manager of the defendant testified that they were unaware of and had no report of "any defect, ridge, area of unevenness or any other such irregularity in the parking lot" pavement either prior to or subsequent to plaintiff's fall. When plaintiff first reported her fall to the defendant immediately after her injury, she merely stated that she

fell in the parking lot and could not identify where or what caused the fall.

In *Alterman Foods v. Ligon*, 246 Ga. 620, 621 (272 SE2d 327) (1980), plaintiff did not know the cause of her slip and fall, and the trial court granted summary judgment. Such case was decided based upon a foreign substance analysis, which required actual or constructive knowledge of the danger, and a maintenance analysis in which the dangerous condition must be presumed within the knowledge of the owner, because the condition was created at his direction. Id. at 623-624. Under the foreign substance analysis, "the plaintiff must show . . . that the defendant had actual or constructive knowledge of the foreign substance." Id. at 623. In *Robinson v. Kroger Co.*, 268 Ga. 735, 746-747 (2) (493 SE2d 403) (1997) (explained when plain view and distraction doctrine applicable), on motion for summary judgment, the Supreme Court of Georgia, in foreign substance cases, continued to require either actual knowledge or constructive knowledge of the danger "or by failing to exercise ordinary care to ascertain the hazard's presence." (Citation omitted.) Id. at 747 (2) (b). It is "only when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." (Citation and punctuation omitted.) *Alterman Foods v. Ligon*, supra at 622. This has otherwise been expressed: "the statutory principle [is] that an owner or occupier of land is charged with [the] exercising [of] ordinary care to keep the premises safe (OCGA § 51-3-1), and [it is] the fundamental basis for an owner or occupier's liability — that party's superior knowledge of the hazard encountered by the plaintiff." *Robinson v. Kroger Co.*, supra at 736 (1). Such becomes important in the analysis of this case, because this is an alleged static condition case and not a foreign substance or maintenance case. However, the defendant has presented unrebutted evidence that it was not aware of any static condition; therefore, constructive knowledge of the defendant must be established by circumstantial evidence, and the foreign substance analysis becomes applicable, requiring proof of constructive knowledge by the defendant.

> We characterize a "static" defect as one which in and of itself is not dangerous. Certainly where there is common knowledge of a break in pavement, the defect standing alone is not dangerous or likely to cause injury until such time as one drives into it or falls into it. The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein. 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowl-

edge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. Thus we can characterize the rule in relation to a static condition as being that the basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury.

(Citations and punctuation omitted.) *Inglett v. Winn Dixie, Greenville*, 168 Ga. App. 192, 194 (308 SE2d 587) (1983) (plain view and prior knowledge of two holes in pavement at entrance); accord *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114-115 (321 SE2d 830) (1984) (expansion crack at entrance — plain view doctrine); *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981) (static condition of gravel-surfaced parking area). However, on summary judgment the issue of plaintiff's own negligence or assumption of risk is not considered as the second prong of the *Alterman Foods* standard. *Robinson v. Kroger Co.*, supra at 746-749.

If a permanent, patent, dangerous condition exists on the premises that was neither caused by a foreign substance nor maintenance and qualifies as a static condition, then the owner/occupier has constructive knowledge of such hazardous condition through the passage of time. *Freyer v. Silver*, 234 Ga. App. 243, 245-246 (2) (507 SE2d 7) (1998) (defective storm drain — plain view); *Bramblett v. Earl Smith Floors*, 227 Ga. App. 296, 297 (488 SE2d 766) (1997) (two floor levels/distraction); *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996) (plain view applicable to a culvert).

However, under the facts of this case, the defendant had no knowledge of the "ridge" either before or after the fall; plaintiff did not see the "ridge" either prior to or immediately after the fall. The plaintiffs had difficulty in describing the "ridge" that they found later and cannot now find. Thus, plaintiffs have failed to raise a material issue of fact that the defendant had either actual or constructive knowledge either equal to or superior to their own knowledge, because they failed to present evidence that this was an observable static condition. See *Lau's Corp. v. Haskins*, 261 Ga. 491, 492-493 (1) (405 SE2d 474) (1991).

*Judgment affirmed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED DECEMBER 19, 2001.

*Peter G. Williams*, for appellants.

*Carlock, Copeland, Semler & Stair, Douglas W. Smith, Nicholas M. Hollander*, for appellee.