## A06A0430. GEORGIA DEPARTMENT OF TRANSPORTATION v. STRICKLAND.
## A06A0431. CITY OF SYLVANIA v. STRICKLAND.

(632 SE2d 416)

ELLINGTON, Judge.

The Georgia Department of Transportation ("the Department") appeals from an order of the Superior Court of Screven County denying its motion for summary judgment in this slip and fall case. This appeal arises from Doris Strickland's suit for damages for injuries sustained when she fell after stepping in a pothole in the right-of-way of a state road inside the city limits of Sylvania. We granted the Department's application for interlocutory appeal to consider whether the trial court erred in denying its motion for summary judgment. The City of Sylvania ("the City") cross-appeals, contending the superior court also erred in denying its motion for summary judgment. For the reasons that follow, we reverse the superior court's order and enter judgment in favor of both the Department and the City.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review. *Dept. of Transp. v. Cox*, 246 Ga. App. 221, 221-222 (540 SE2d 218) (2000). Further,

> (a) movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. A movant/defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather, must point to specific evidence giving rise to a triable issue. Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences flowing therefrom in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each element of the case.

(Citation omitted.) Id. at 222.

So viewed, the record reveals the following relevant facts. During the afternoon of November 13, 2001, Strickland drove to downtown Sylvania and parked her car in a striped parking area along State Route 73, which, in town, is also known as Main Street. As Strickland walked from her car to the sidewalk, she caught her foot in a pothole or "depression" in the surface of the right-of-way, tripped and fell, and

sustained injuries as a result of her fall. The pothole was "a rounded out" spot or indentation about two inches deep and six to eight inches long. Strickland contends the pothole she stepped in was one of several throughout the striped parking area, and that the potholes have existed for about a year. Strickland conceded she was a licensee at the time of the fall. She also deposed that nothing obstructed her view of the pothole she stepped in, and that she was generally aware of the potholes, having parked along Main Street over 100 times in the past. Strickland had previously parked in the same parking spot.

## Case No. A06A0430

1. The Department contends the trial court erred in denying its motion for summary judgment because Strickland was a licensee with equal constructive knowledge of any hazard posed by the potholes. We agree.

It is undisputed that Strickland was a licensee at the time of her fall, a point she concedes. She was neither a customer, a servant, nor a trespasser, and she stood in no contractual relationship with the City or the Department. She used the public parking for her own interest, convenience, and gratification. Consequently, her status is that of licensee. OCGA § 51-3-2; *Howard v. The Gram Corp.*, 268 Ga. App. 466, 467 (602 SE2d 241) (2004).

Because Strickland was a licensee, the City and the Department "owed only the duty not to injure her wilfully and wantonly." (Citation omitted.) *Spear v. Calhoun*, 261 Ga. App. 835, 837 (1) (584 SE2d 71) (2003). "Wilful conduct is based on an actual intention to do harm or inflict injury." (Citation and punctuation omitted.) *Muller v. English*, 221 Ga. App. 672, 676 (2) (c) (472 SE2d 448) (1996). Wanton conduct has been described as that "which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent." (Citation and punctuation omitted.) Id. Further,

> [a]lthough a landowner owes a duty to use ordinary care to protect anticipated licensees from dangerous activities being conducted on the premises or from hidden perils, where the alleged negligence arises from a dangerous static condition on the premises, the duty remains not to injure the licensee wilfully or wantonly.

(Citations omitted.) *Rice v. Elliott*, 256 Ga. App. 87 (567 SE2d 721) (2002).

Strickland contends she tripped in a depression or pothole in the pavement. There is no evidence suggesting that the pothole had been concealed or camouflaged such that it was a hidden danger or peril.

Rather, the evidence adduced reveals the potholes were open and obvious static condition. See *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 319 (c) (585 SE2d 217) (2003) ("A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it."). Further, there is no evidence that the pothole was created, concealed, or maintained wilfully or wantonly, that is, with an "intent to injure or with any conscious indifference as to infer an intent to injure." *Aldredge v. Symbas*, 248 Ga. App. 578, 581 (547 SE2d 295) (2001) (landowner not liable to licensee who fell into drainage ditch obscured by shrubbery).

Finally, it has long been the law in Georgia that "[w]here a licensee has equal knowledge of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the owner and there is no liability to the licensee." (Citation and punctuation omitted.) *Tollman v. Zamani*, 224 Ga. App. 518, 519 (481 SE2d 232) (1997); see also *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 395 (506 SE2d 910) (1998) (the equal knowledge precludes recovery even if Strickland could show the maintenance of the pothole was negligence per se). It is undisputed that Strickland was generally aware of the potholes in the parking area, having seen them in the past on her many visits to the businesses along Main Street. Further, she deposed that she had previously parked in the same parking space where her fall occurred and that nothing obstructed her view of the potholes in that area. Because Strickland's knowledge of the hazard was at least equal to that of the City or the Department, she may not recover. *Tollman v. Zamani*, 224 Ga. App. at 519; *Hannah v. Hampton Auto Parts*, 234 Ga. App. at 395. The trial court erred in denying the Department's motion for summary judgment.

2. Given our holding in Division 1, the Department's remaining enumeration of error is moot.

## Case No. A06A0431

3. Strickland contends the City's cross-appeal should be dismissed because the City failed to follow the interlocutory appeal procedures. The City, although a co-defendant below, is an "appellee" entitled to file a cross-appeal pursuant to OCGA § 5-6-38 (a)[1] seeking

---

[1] OCGA § 5-6-38 (a) provides, in relevant part:
In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal.

review of an interlocutory matter so long as the main appeal is properly before us. See *Reliance Ins. Co. v. Cobb County*, 235 Ga. App. 685, 686-687 (510 SE2d 129) (1998) ("[W]e hold that Reliance Insurance Company, as a co-defendant . . . is an 'appellee' within the meaning of OCGA § 5-6-38 (a), and so was entitled to file a notice of cross-appeal within 15 days from service of the notice of appeal."); see also *Executive Jet Sales v. Jet America*, 242 Ga. 307, 308 (248 SE2d 676) (1978) (liberally construing both the Appellate Practice Act of 1965 and the term "appellee").

It does not matter that the main appeal — the Department's appeal from the denial of its motion for summary judgment — is from a granted application concerning an interlocutory matter. Because we granted the Department's application, that appeal is now properly before us. OCGA § 5-6-34 (b) provides that after an application has been granted and the notice of appeal filed, "the procedure thereafter shall be the same as in an appeal from a final judgment." Further, OCGA § 5-6-34 (d) provides that even where an appeal is taken pursuant to the interlocutory appeal procedure,

> all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

For these reasons, Strickland's motion to dismiss the City's cross-appeal is denied.

4. For the reasons set forth in Division 1, supra, the City is also entitled to summary judgment.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 24, 2006 —
RECONSIDERATIONS DENIED JUNE 13, 2006 —

*Thurbert E. Baker, Attorney General, Richard V. Merritt, Loretta L. Pinkston, Assistant Attorneys General*, for appellant (case no. A06A0430).

*Oliver, Maner & Gray, Patrick T. O'Connor, Paul H. Threlkeld*, for appellant (case no. A06A0431).

*H. Lehman Franklin, Jr.*, for appellee.