### A09A0238. MUSKETT v. SKETCHLEY CLEANERS, INC.
(677 SE2d 731)

BERNES, Judge.

Charles Muskett allegedly slipped, fell, and was injured while walking across the parking lot of Sketchley Cleaners, Inc. d/b/a Cleveland Avenue Cleaners. Muskett sued Sketchley Cleaners for damages, claiming that his fall was proximately caused by a pothole filled with debris that Sketchley Cleaners had negligently failed to repair. The case was tried before a jury, which returned a verdict in favor of Sketchley Cleaners.[1] On appeal from the denial of his motion for new trial, Muskett contends that the trial court erred by excluding the deposition testimony of one of his treating physicians; expressing an improper opinion as to the sufficiency of proof; charging the jury on the principle of prior traversal of a static defect; and imposing a time limit on the presentation of his case-in-chief.[2] We find no reversible error and affirm.

1. Sketchley Cleaners filed a motion in limine to exclude the deposition testimony of Dr. Linzy Scott, a retired orthopedic surgeon who treated Muskett on one occasion after his alleged fall and who opined on the alleged cause and nature of his injuries. The trial court granted the motion after concluding that Dr. Scott — who was not licensed as a physician when he treated Muskett and had been retired since approximately 2000 — was not qualified to testify as an expert under OCGA § 24-9-67.1 (b). Muskett contends that the trial court erred in granting Sketchley Cleaners's motion in limine.

Even if the exclusion of Dr. Scott's expert testimony was error, it was merely cumulative of other expert testimony admitted at trial.

---

[1] A loss of consortium claim brought by Muskett's wife was dismissed with prejudice by order of the trial court under OCGA § 9-11-41 (a) (2) after the wife testified that she did not wish to pursue the claim. Additionally, the trial court directed a verdict in favor of Sketchley Cleaners on Muskett's claims for punitive damages and attorney fees. These rulings are not enumerated as error on appeal.

[2] Muskett, an attorney licensed to practice in Georgia, represented himself at trial and continues to do so on appeal.

During his case-in-chief, Muskett presented the live testimony of another orthopedic surgeon who treated him, as well as the deposition testimony of several other treating physicians (including a chiropractor, an orthopedist, and a neurologist), who provided their expert opinions on the alleged cause and nature of Muskett's injuries. Accordingly, any alleged error in excluding Dr. Scott's expert testimony was harmless and provides no ground for reversal. See *Moresi v. Evans*, 257 Ga. App. 670, 676 (2) (572 SE2d 327) (2002) (even if testimony was erroneously excluded, it was harmless error because the testimony would have been cumulative); *Ratliff v. CSX Transp.*, 219 Ga. App. 53, 56 (2) (464 SE2d 1) (1995) (same). See also *Moxley v. Moxley*, 281 Ga. 326, 328 (4) (638 SE2d 284) (2006) (there must be harm as well as error to warrant reversing the trial court).

2. Under OCGA § 9-10-7, "[i]t is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved." Citing this statutory provision, Muskett maintains that three statements made by the trial court were improper expressions or intimations of opinion as to the sufficiency of proof presented by him at trial. Our review of the record leads us to disagree.

Proceeding pro se, Muskett took the stand during his case-in-chief and testified in great detail to his version of the slip and fall incident and to the injuries he allegedly sustained as a result. Among other things, Muskett testified that he did not learn that he had osteoporosis until a few days before his fall. The trial court inquired into the relevance of this testimony, but ultimately did not rule it inadmissible. While Muskett asserts that the trial court's inquiry was improper, "[p]ertinent remarks made by a trial court in discussing the admissibility of evidence . . . do not constitute prohibited expressions of opinion." (Citation omitted.) *Morrison v. Morrison*, 282 Ga. 866, 867 (1) (655 SE2d 571) (2008) (no error where trial court's remarks were aimed at limiting counsel's cross-examination to relevant issues). See also *Creed v. State*, 255 Ga. App. 425, 427 (1) (565 SE2d 480) (2002) (no error where trial court "inquired as to the direction defense counsel was going with a particular line of questioning and encouraged counsel to move forward"). It follows that the trial court's inquiry concerning relevancy did not constitute an improper expression or intimation of opinion on the evidence. See *Morrison*, 282 Ga. at 866-867 (1); *Creed*, 255 Ga. App. at 427-428 (1).

The other two statements by the trial court challenged on appeal as improper expressions or intimations of opinion occurred during Muskett's closing argument:

> MUSKETT: . . . The defendant, these defendants are college graduates. They are not a bunch of uneducated people.

You have these three corporations. They are very familiar with real estate. They know the law better than I do. They finally are too cheap to fix the premises. And I didn't know about it, members of the jury, but . . .

THE COURT: Mr. Muskett, I've given you a tremendous amount of leeway, but several of these arguments are inappropriate, and I think you need to be more careful.

MUSKETT: Okay, Judge.    . . .

MUSKETT: . . . Members of the jury, the defendants are three big corporations. They are a wealthy family, they have good lawyers. And $2 million is not going to bankrupt them, and I'm asking for reasonable compensation.

THE COURT: Mr. Muskett, that is an inappropriate comment, and I'm going to ask the jury to disregard it.

Neither of the trial court's comments during closing argument was improper. The comments were limited in scope, did not concern the merits of the case, and were aimed at preventing misstatements and improper arguments from being made before the jury. As such, the trial court's comments during closing argument were not improper expressions or intimations of opinion on the evidence. See *Adams v. State*, 282 Ga. App. 819, 826 (8) (640 SE2d 329) (2006) (no error where trial court interrupted defense counsel's closing argument and instructed him not to stray into irrelevant matters); *Mathis v. State*, 276 Ga. App. 205, 208 (622 SE2d 857) (2005) (no error where trial court rebuked counsel and curtailed closing argument because "[w]hen counsel makes prejudicial misstatements to the jury concerning matters not in evidence, the trial court has an affirmative duty to interpose and prevent the misstatements") (footnote omitted); *Bennett v. Terrell*, 224 Ga. App. 596, 596-597 (2) (481 SE2d 583) (1997) (trial court did not err in excluding statements concerning financial status of the parties, which were irrelevant to the issue of liability).

For these reasons, the trial court's three statements at issue did not violate OCGA § 9-10-7. This is particularly true where, as here, the trial court charged the jury after the close of evidence that anything the court had said or done during the course of the trial was not intended to imply or suggest which of the parties should prevail in the case. See *Cline v. Lee*, 260 Ga. App. 164, 171 (3) (581 SE2d 558) (2003) (no violation of OCGA § 9-10-7 where, among other things, trial court charged the jury that "nothing he did or said was intended to suggest in any way what the verdict should be").

3. Among other tort principles, the trial court charged the jury that "[w]hen a person has successfully negotiated an alleged dan-

gerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." Muskett argues that this charge concerning prior traversal of a static defect was improper. We do not agree because the charge was legally and factually apposite under the circumstances of the case.

Small cracks, holes, and uneven spots in pavement are considered static defects. See *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 317 (585 SE2d 217) (2003). And

> [i]t is well settled that a claim involving a static defect differs from other trip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Citation and punctuation omitted.) *Wright v. K-Mart Corp.*, 286 Ga. App. 765, 766 (650 SE2d 300) (2007). See also *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394-395 (506 SE2d 910) (1998). Hence, the charge was an accurate statement of Georgia law. Moreover, the charge was adjusted to the facts and appropriate in light of the evidence presented at trial, since there was testimony that Muskett had parked his car in the same spot and traversed the parking lot where the alleged pothole was located approximately 53 times prior to his alleged fall. The trial court thus committed no error in charging the jury on the principle of prior traversal of a static defect.

4. Lastly, Muskett contends that the trial court erred by imposing a time limit on the presentation of his case-in-chief. But even if a trial court errs by imposing unwarranted limits on the trial of a case, there is no reversible error unless the appellant can show harm resulting from the court's action. See *Parks v. Breedlove*, 241 Ga. App. 72, 76 (3) (526 SE2d 137) (1999); *CRS Sirrine v. Dravo Corp.*, 213 Ga. App. 710, 715 (1) (445 SE2d 782) (1994). Muskett has failed to prove harm.

According to Muskett, he was harmed by the trial court's imposition of a time limit because he was unable to present the complete deposition testimony of two additional treating physicians, Dr. Tarsem Gupta and Dr. Judson Black. However, excerpts from Dr. Gupta's deposition were read to the jury, and Muskett expressly declined to read to the jury excerpts from Dr. Black's deposition although he still had time remaining under the schedule imposed by the trial court. Muskett has failed to show that he was harmed by his inability to read the entire deposition transcripts to the jury, rather than excerpted portions of those depositions. Under these circum-

stances, we discern no reversible error. See *Parks*, 241 Ga. App. at 76 (3); *CRS Sirrine*, 213 Ga. App. at 715 (1). See generally *Steele v. Atlanta Maternal-Fetal Medicine*, 283 Ga. App. 274, 278 (3) (641 SE2d 257) (2007) (burden is on appellant to show harmful error affirmatively by the record).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 17, 2009 ▮

*Charles E. Muskett*, pro se.

*Hawkins & Parnell, William H. Major III, Martin A. Levinson*, for appellee.