**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 25, 2013**

# In the Court of Appeals of Georgia

A12A1681. LECROY et al. v. BRAGG.

MCMILLIAN, Judge.

Appellee Glenda Bragg brought a premises liability action against Stephens County and county employees Jackie LeCroy and Edwin Miller seeking to recover damages for injuries she received when she stepped into a hole in the parking lot of a county-owned recycling center. The trial court, with Bragg's consent, granted the County's motion for judgment on the pleadings, and LeCroy and Miller (hereinafter defendants) moved for summary judgment based on official immunity and Bragg's equal knowledge of the hazard. The trial court denied their motion but certified its decision for immediate review, and defendants filed an application for interlocutory review in this Court. We granted defendants' application, and they timely filed the present appeal.

The following facts, taken largely from Bragg's deposition and construed in her favor as the non-movant on summary judgment, are pertinent here: On February 17, 2009, Bragg took various items of garbage to the recycling center on White Pines Road in Stephens County for disposal. Bragg, who was driving a Ford Explorer hatchback, noticed "several little holes and [a] big one" in the pavement as she drove into the lot, which she intentionally avoided and "tried to miss completely." Bragg parked and exited her vehicle, and then walked around to the back where she opened the hatchback and removed some of her non-bagged garbage, such as plastic laundry containers. She made the trip to and from the recycling bin without incident, and went to the back of her car and unloaded more trash. She took a step back with her left foot without any problem and began to step back with her right foot, but when she took the weight off that foot her left foot went into one of the larger holes and she fell, sustaining injuries.

According to Bragg, she did not notice the hole when she got out of her car and thought "she had plenty of room to get out of [her] door and go [to the] back [of her car]," without ever having to step over the hole. However, she also testified that she knew the hole was there, that she knew she had gone around it, and that she did not think the hole was where she was stepping. She also testified it was "fair" to say she

2

was not watching where she was placing her foot as she stepped back, and that the hole was not obscured or difficult to see.

With these facts as a backdrop, we now turn to defendants arguments' on appeal.

1. Defendants first argue that they were entitled to summary judgment because the undisputed facts show that Bragg had equal knowledge of the hazard. We agree.

The standard to be applied in our review of cases involving the grant or denial of a motion for summary judgment is well known and oft repeated:

> Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.

(Citation and punctuation omitted.) *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641 (722 SE2d 366) (2012).

The duty of the owner or occupier of land to an invitee such as Bragg emanates from OCGA § 51-3-1, which provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his

3

failure to exercise ordinary care in keeping the premises and approaches safe." In a "trip and fall" case, a plaintiff must show that

> (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control. However, the plaintiff's evidentiary burden concerning the second prong is not shouldered until the owner establishes that the plaintiff was negligent, that is, she intentionally and unreasonably exposed herself to a hazard of which she knew or, in the exercise of reasonable care, should have known existed. With respect to the second prong, we determine whether the record shows plainly, palpably, and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety.

(Punctuation and footnote omitted.) *McLemore*, 313 Ga. App. at 643.

Thus "[t]he duty imposed under OCGA § 51-3-1 does not make a premises owner an insurer of an invitee's safety, but requires the exercise of ordinary care to protect the invitee from unreasonable risks of harm of which the premises owner has superior knowledge." (Punctuation and citation omitted.) *Campbell v. Savannah Motors, Inc.*, 311 Ga. App. 460, 461 (1) (716 SE2d 534) (2011).

4

We first determine the nature of the hazard because that characterization may impact our analysis. In this case, the hazard–the pothole–was readily discernible and of a type that we have previously deemed to be a "static defect." E.g., *Muskett v. Sketchley Cleaners*, 297 Ga. App. 561, 564 (3) (677 SE2d 731) (2009) ("Small cracks, holes and uneven spots in pavement are considered static defects.")

> A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it. (If) nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks.' Consequently, as applied to the grant of summary judgment in this case, the issue is whether the factual evidence is plain, palpable and undisputed that nothing obstructed [Bragg's] ability to see the pothole[] and thus the defect was or should have been visible to her.

(Punctuation and footnote omitted.) *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 319 (c) (585 SE2d 217) (2003). E.g., *McLemore*, 313 Ga. App. at 643; *Ga. Dept. of Trans. v. Strickland*, 279 Ga. App. 753, 755 (632 SE2d 416) (2006); *Williams v. J. J. Butler, Inc.*, 253 Ga. App. 116, 117-118 (558 SE2d 449) (2001) (physical precedent only).

Concerning Bragg's knowledge,[1] her own deposition testimony established that the potholes were open and obvious and that nothing obstructed her ability to see the hole; indeed, the undisputed evidence shows that Bragg did see the potholes when she drove into the parking lot. Thus, the issue here is not constructive knowledge of something Bragg should have seen but actual knowledge of something she did see. Bragg testified that she was aware that she had to walk around the hole when she went from her car to the bin and back. Further, although she said she did not realize that the hole was behind her until she stepped back and fell, she also said that she was not looking where she placed her foot and that the hole would not have been difficult to see had she looked where she was stepping. In sum, the evidence here was "plain, palpable, and undisputed" that Bragg knew there was a pothole in the area where she parked and that she could have seen she was placing her foot in the pothole if she had looked.

Moreover, this is not a case where the plaintiff was prevented from seeing the hole had she attempted to look. Although Bragg had gone back to her vehicle to get

---

[1] We note that there is no contention here that the City was unaware of the potholes. *Jackson v. Waffle House,* 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000) ("owner/occupier is on constructive notice of what a reasonable inspection would reveal").

more recyclables to take to the bin, she was not walking forward with an obstructed view when she fell, but rather was walking backward without looking where she was going. Thus, "[t]he proof offered clearly puts this case within the line of cases involving the plain view doctrine and effectively eliminates any distraction theory." (Punctuation omitted.) *McLemore*, 313 Ga. App. at 645. Cf. *Zack's Properties, Inc. v. Gafford*, 241 Ga. App. 43, 44 (1) (526 SE2d 80) (1999) (jury question when plaintiff fell pushing full grocery cart through busy parking lot).

> While this Court is to remain mindful 'that the "routine" issues of premises liability, i.e, the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication. . . ,' [*Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 445 (679 SE2d 25) (2009);] this is one of those cases in which the evidence is plain and palpable that the defendants are not liable. *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997).

*Hannah v. Hampton Auto Parts,* 234 Ga. App. 392, 395 (506 SE2d 910) (1998).

Because Bragg's knowledge of the hazard that caused her fall and resulting injuries was at least equal to that of the landowner, she may not recover. It follows that the defendants should have been granted summary judgment on this basis. *McLemore*, 313 Ga. App. at 645; cf. *Landrum v. Enmark Stations, Inc.*, 310 Ga. App.

7

161, 164-165 (712 SE2d 585) (2011) (jury issue because evidence did not demand finding that plaintiff had constructive knowledge of uneven or cracked pavement in particular area of parking lot where she had not been before); *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. at 319 (c) (lighting was dim and plaintiff did not see small divot in pavement before she fell in unfamiliar area); *Jackson*, 245 Ga. App. at 374 (2) (jury issue where plaintiff had traversed different area of rough, uneven parking lot).

2. Because of our holding in Division 1, it is unnecessary for us to decide whether defendants were entitled to the protection of official immunity.

*Judgment reversed. Barnes, P. J., and McFadden, J., concur.*