**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 17, 2019**

# In the Court of Appeals of Georgia

A19A0305. CITY OF BRUNSWICK v. SMITH.

COOMER, Judge.

This appeal arises from the trial court's denial of a motion for summary judgment in a premises liability lawsuit. Calvin Smith sued the City of Brunswick (the City), alleging that the City was liable for the injuries he sustained when he hit a pothole and fell from his bicycle. Smith claimed the City had constructive knowledge about the pothole and negligently failed to maintain its roadway. The City filed a motion for summary judgment, arguing that Smith was a licensee and that there was no evidence that the City wilfully or wantonly caused his injuries. The City also argued that even if Smith was an invitee, the City could not be held liable for his injuries because the condition of the pavement was an open and obvious defect. The trial court denied the City's motion, finding that summary judgment was not

warranted because an issue of fact remained as to whether the City had superior knowledge of the pothole and, if so, whether that knowledge constituted wilful and wanton conduct. Because there was no evidence that the pothole was created, concealed, or maintained wilfully or wantonly by the City, and because the alleged defect was open and obvious to Smith prior to the fall, we reverse.

Summary judgment is proper when the moving party shows that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant or denial of summary judgment and construe the evidence most favorably to the nonmovant. However, summary judgment cannot be avoided based on speculation or conjecture; once the pleadings are pierced with actual evidence, the plaintiff must point to admissible evidence showing a genuine issue of fact. As our Supreme Court explained, while the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor, that does not mean that a plaintiff may defeat a defendant's properly supported motion for summary judgment without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the defendant's denial of wrongdoing.

*City of Macon v. Brown*, 343 Ga. App. 262, 263 (807 SE2d 34) (2017) (citations omitted).

So viewed, the evidence shows that shortly before noon on May 3, 2015, Smith was riding a bicycle to a nearby gas station after leaving a friend's house. The weather was clear and sunny. While traveling down Johnston Street in the City of Brunswick, Smith made a left turn onto Second Street, then turned right down an alleyway in order to take a shortcut to the back of the gas station. As he made the right turn, Smith, who had not traversed the alley way previously, hit a pothole in the road and fell. Photographs of the alley way depict uneven pavement where Smith fell. According to Smith, the pothole was larger at the time of the accident than depicted in the photographs admitted into evidence. As a result of his fall, Smith sustained a broken bone and had to have a rod and plate implanted in his hip. Smith sued the City for damages arising from his fall, alleging the City negligently failed to maintain its roadway and knew or should have known about the pothole. The City filed a motion for summary judgment which the trial court denied. The trial court issued a certificate of immediate review and this Court granted the City's application for interlocutory appeal. This appeal followed.

The City contends that the trial court erred in denying its motion for summary judgment because Smith was an licensee with equal knowledge of any hazards and thus the City only owed him a duty to avoid wilfully or wantonly injuring him. We agree.

In its order denying the City's motion, the trial court concluded that Smith was a licensee because he was using the alley way for his own convenience to reach the back entrance of the gas station. *See Georgia Dept. of Transp. v. Strickland*, 279 Ga. App. 753, 754 (1) (632 SE2d 416) (2006) (holding that where injured party was "neither a customer, a servant, nor a trespasser," stood in no contractual relationship with the City or the Department and used the public parking for "her own interest, convenience, and gratification," her status was that of licensee). Because we agree with the trial court that Smith was a licensee, under general premises liability principles, the City owed only a duty not to wilfully and wantonly injure him. *See Spear v. Calhoun*, 261 Ga. App. 835, 836-837 (1) (584 SE2d 71) (2003). "Wilful conduct is based on an actual intention to do harm or inflict injury. Wanton conduct has been described as that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent." *Strickland*, 279 Ga. App. at 754 (1) (citations and punctuation omitted).

Here, Smith contends that he fell from his bicycle due to a pothole in the pavement. However, the trial court did not find, and the record does not reflect any evidence that "the pothole was created, concealed, or maintained wilfully or wantonly, that is, with an intent to injure or with any conscious indifference as to infer an intent to injure." *Strickland*, 279 Ga. App. at 755 (1) (citation and punctuation omitted). Additionally, Smith does not contend the City had actual knowledge of the alleged defect. Pretermitting the issue of whether actual knowledge is required to show wilful and wanton conduct by the City,[1] Smith has failed to present any evidence that the City acted with any intention to do harm or to act with reckless indifference to the consequences.

---

[1] In its brief on appeal, the City contends that constructive knowledge cannot give rise to wilful and wanton conduct. While there is some support for the City's argument in case law, under OCGA § 32-4-93 (a) which applies to "public roads," "municipalities generally have a ministerial duty to keep their streets in repair, and they are liable for injuries resulting from defects after actual notice, or after the defect has existed for a sufficient length of time for notice to be inferred." *Roquemore v. City of Forsyth*, 274 Ga. App. 420, 423 (617 SE2d 644) (2005) (citation and punctuation omitted). *Compare Stewart v. Harvard*, 239 Ga. App. 388, 392 (2) (520 SE2d 752) (1999) (holding that when the injured party is a licensee, the actual danger "must be known and foreseen by the property owner before any duty to protect exists." (citation omitted)). For our purpose here, because the trial court did not base its analysis on the applicability of the statute and did not decide whether the alley way was a "public road" as required by OCGA § 32-4-93 (a), we need not reach this issue.

By statute, a municipality is relieved of liability resulting from a defect in a public road or sidewalk when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred. Implied or constructive notice of a defect may be shown in a variety of ways; for example, testimony as to how long the defect had existed prior to the accident, objective evidence that the defect had existed over time, or evidence that other persons had also fallen as a result of the same condition over a period of years. Notice may also be imputed to the city from the knowledge of its own agents or employees.

*Crider v. City of Atlanta*, 184 Ga. App. 389, 389 (1) (361 SE2d 520) (1987) (citations and punctuation omitted). In its order denying the City's motion, the trial court found that there was some evidence that the City had constructive knowledge of the pothole, such that summary judgment was not warranted. The trial court, noting that Smith had never used the alley way before, found that the pothole was a static condition and that Smith had no prior knowledge of the pothole. However, the trial court's conclusion does not appear to take into consideration whether the factual evidence was "plain, palpable, and undisputed" that nothing obstructed Smith's ability to see the pothole, such that the defect was or should have been visible to him. *See LeCroy v. Bragg*, 319 Ga. App. 884, 886-887 (1) (739 SE2d 1) (2013); *see also McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 644-45 (722 SE2d 366) (2012) ("The relevant inquiry . . . is

6

whether [the plaintiff's] view of the hazard was obstructed at the point immediately before [] he was about to step onto it. Where an obstruction is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve [him] from the responsibility for [his] misadventure." (footnote and punctuation omitted)). This Court has held that "[a] static condition is one that does not change and is dangerous only if someone fails to see it and walks into it. If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *LeCroy*, 319 Ga. App. at 886 (1) (citation omitted)[2]. In cases involving a static condition, such as a pothole, "a plaintiff is held to have knowledge of an open and obvious condition." *Norwich v. Shrimp Factory, Inc.*, 332 Ga. App. 159, 162 (770 SE2d 357) (2015) (punctuation omitted). *See also LeCroy*, 319 Ga. App. 886 (1) (noting that potholes are considered static defects); *Muskett v. Sketchley Cleaners, Inc.*, 297 Ga. App. 561, 564 (3) (677 SE2d 731) (2009) ("Small cracks, holes, and uneven spots in pavement are considered static defects.").

---

[2] Although *LeCroy* considered the property owner's duty to an invitee, the same reasoning applies to Smith, a licensee. *Cf. Brazier v. Phoenix Group Mgmt.*, 280 Ga. App. 67, 71 (1) (a) (633 SE2d 354) (2006) (applying the open-and-obvious hazard doctrine to a licensee or trespasser).

7

The trial court, taking judicial notice of a 2014 Google Street view photograph of the alleged defect as evidence to suggest that the City had inferred or constructive knowledge of the pothole's existence, determined that disputed material facts remained as to whether the City's knowledge of the pothole was superior to that of Smith. However, as this Court held in *City of Macon v. Brown*,

> [w]hile the photographs may provide some basis for inferring age, without context or explanation, any conclusion as to the age of the alleged defect in the [alley way] would be mere speculation. The photographs only show the condition of the alleged defect in the [alley way] at one point in time . . . [before] the accident. The trial court's analysis was based on its review of the photographs. But, the photographs alone do not establish how long the alleged defect took to develop and worsen, and [Smith] has not brought forth any additional evidence to contextualize or lend support to his arguments regarding the length of time this area of the [alley way] had this defect.

343 Ga. App. at 265 (citations omitted). "The question of constructive notice ordinarily is for the jury, except in the absence of any evidence of constructive notice that could create a fact question, and in such an instance, the issue of negligence is a matter of law*." City of St. Marys v. Reed*, 346 Ga. App. 508, 509-510 (816 SE2d 471) (2018). In the instant case, Smith did not provide further evidence such as prior reports to the City or other testimony as to how long the defect had existed prior to

the accident, objective evidence that the defect had existed over time, or evidence that other persons had also fallen as a result of the same condition over a period of years. Further, Smith did not depose any employees or agents of the City whose testimony could have imputed knowledge of the defect to the City.

Additionally, Smith did not allege that his view of the pothole was obstructed or that it was concealed prior to his fall. Given the undisputed evidence, we find that the City's motion pierced the pleadings, putting the burden on Smith to come forward with specific facts showing a genuine issue remained for jury resolution. *See Crider*, 184 Ga. App. at 389 (1) ("Where no evidence is presented which would authorize a finding of actual or constructive knowledge of an alleged defect, judgment should be entered in favor of the municipality." (citations omitted)).

*Judgment reversed. Doyle, P. J., and Markle, J., concur*.