**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 17, 2022**

# In the Court of Appeals of Georgia

A22A0227. CORAL HOSPITALITY-GA, LLC v. GIVENS et al.

MERCIER, Judge.

Lynn and Robert Givens sued Coral Hospitality-GA, LLC ("Coral") for damages after Lynn fell at a vacation property managed and operated by Coral. Following discovery, Coral moved for summary judgment. The trial court denied the motion, but issued a certificate of immediate review, and we granted Coral's application for interlocutory appeal. For reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. See *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 697 (839 SE2d 721) (2020). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. See id. So viewed, the evidence shows that the Givenses spent the night

of October 2, 2016, at a lodge managed and operated by Coral in Little Ocmulgee State Park. The next morning, the couple rode bikes around the park and noticed a lake-side campground. When they returned to the lodge, the Givenses inquired about the campground and learned that Coral offered cabins for rent along the lake. Interested in possibly renting a cabin for a future family vacation, the Givenses received permission to tour the cabins. They drove to the lake, visited several cabins, then parked on the side of the road near Cabin 9.

The Givenses approached Cabin 9 from the road via a white-colored, concrete walkway that led to the front door. After looking around the inside of the cabin, they exited from the front door and decided to walk around the cabin's right side, away from the road, to view the lake. To access that side of the cabin, the Givenses proceeded down the concrete walkway to a black asphalt parking pad that was adjacent to the walkway. As Lynn stepped toward the parking pad, she stubbed her toe on the asphalt, which was at least one inch higher than the walkway at the point where the two surfaces met. Lynn fell forward to the ground, injuring her right shoulder, wrist, and fingers.

Describing the incident during her deposition, Lynn testified that she was not looking down when she fell and "was not expecting to trip over a surface there."

2

When asked if there was any reason — other than her failure to look — that she did not see the elevation change in the surfaces, she responded, "[w]hat other reason would there be?" Lynn asserted that the day was sunny, the two surfaces were contrasting colors, and nothing in the area obscured her view of the area. As she explained: "I was not looking down and so that's why I did not see" the raised asphalt. Questioned whether the condition was open and obvious to someone looking at it, Lynn admitted: "Now after the fact knowing this, yes, but that's hindsight."

The Givenses sued Coral for negligence, alleging that the uneven surface outside of the cabin presented a hazardous condition and that Coral failed to keep the premises safe for invitees. Coral moved for summary judgment, asserting, among other things, that the alleged hazard was open and obvious and that Lynn failed to exercise ordinary care for her own safety. The trial court denied the motion, and this appeal followed.

Pursuant to OCGA § 51-3-1, when "an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." A plaintiff seeking to recover in premises liability must show that (1) the

3

landowner/occupier had actual or constructive knowledge of the hazard, and (2) the plaintiff "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *D'Elia*, supra at 698 (citation and punctuation omitted).

The alleged hazard presented by the raised asphalt in this case constituted a "static condition." See *D'Elia,* supra ("An uneven walkway is a static condition."). "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." Id. (citation and punctuation omitted). Where nothing obstructs an invitees's ability to see a static condition, an owner/occupier "may safely assume that the invitee will see it and will realize any associated risks." Id. at 699 (citation and punctuation omitted). And when a static condition is apparent, such that one looking ahead would necessarily see it, an invitee's failure to look "will not relieve her from the responsibility for her misadventure." Id. at 700 (citation and punctuation omitted). In other words, if a hazard created by a static condition is open and obvious, an invitee cannot recover for damages purportedly caused by the hazard. See id. at 699.

The Givenses argue — and the trial court found — that questions of fact remain as to whether the alleged hazard presented by the raised asphalt was open and

4

obvious. But Lynn testified that the only reason she did not see the raised asphalt was that she did not look at it. She admitted that the transition between the white concrete and the black asphalt was clear, that the lighting in the area was good, and that nothing impeded her view. According to her, she simply "was not looking down." She further admitted that the alleged hazard would be obvious to someone looking at it.

As we have noted, an invitee "is not entitled to an absolutely smooth or level way of travel." *D'Elia*, supra (citation and punctuation omitted). See also *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 644 (722 SE2d 366) (2012) ("[O]ccupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects.") (citation and punctuation omitted). Moreover, Lynn's testimony establishes that even if the transition between the concrete walkway and the asphalt parking pad was hazardous, "the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it." *D'Elia*, supra at 699 (citation and punctuation omitted). Compare *Bullard v. Marriott Intl.*, 293 Ga. App. 679, 680 & 682 (2) (667 SE2d 909) (2008) (factual question remained as to whether allegedly hazardous condition presented by raised brick on walkway was open and obvious and whether claimant should have seen the hazard before she tripped). Under these circumstances,

5

Lynn is deemed to have had equal knowledge of the alleged hazard, and the Givenses cannot recover for injuries caused by it. See *D'Elia*, supra; *McLemore*, supra at 645. The trial court, therefore, erred in denying Coral's motion for summary judgment. See *D'Elia*, supra; *McLemore*, supra.

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*