57320. BROADNAX v. CITY OF ATLANTA et al.

UNDERWOOD, Judge.

Broadnax was injured when a steel plate covering a hole in a sidewalk tilted, causing her to fall. Her sole enumeration of error in her appeal from an adverse verdict and judgment in her personal injury action is her contention that the trial court erred by refusing to charge the jury that the doctrine of res ipsa loquitur applies to defects in streets and sidewalks maintained by municipalities, thereby relieving her of the burden of proving negligence on the part of the City of Atlanta or its employees.

Code Ann. § 95A-505 provides that a municipality is relieved of "any and all liability resulting from or occasioned by defects in the public roads of its municipal

street system when it has not been negligent in . . . maintaining the same or when it has no actual notice thereof, or when such defect has not existed for a sufficient length of time for notice thereof to be inferred." A sidewalk is included in the term "public roads." Code Ann. § 95A-104.

Code Ann. § 38-123 provides that "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved."

Before the doctrine of res ipsa loquitur can be applied, it must first be shown that the defendant was responsible for the condition of the sidewalk which caused the injury, and Broadnax presented no evidence to establish this fact. Further, there was no evidence that the city was on notice of any defect in the sidewalk. The facts inferred must be reasonably and logically consequent upon proven facts. *Johnson v. City of Port Wentworth,* 119 Ga. App. 357 (166 SE2d 830) (1969). As there were no proven facts in this case from which negligence may be inferred, the trial court was correct in refusing to instruct on the doctrine of res ipsa loquitur.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

ARGUED MARCH 5, 1979 — DECIDED APRIL 13, 1979.

*Irwin M. Ellerin, Calhoun & Associates, Andrew W. Estes,* for appellant.

*Ferrin Y. Mathews, Mary Carole Cooney, John F. Davis, Jr., Richard L. Ormond,* for appellees.