## 74709. CRIDER v. CITY OF ATLANTA.
### (361 SE2d 520)

Pope, Judge.

Plaintiff Crider was injured when she tripped and fell on the sidewalk of a downtown Atlanta street. She alleged the sidewalk was defective because of a discrepancy in elevation of approximately one inch between two adjacent sections of concrete. Plaintiff appeals from the trial court's grant of a directed verdict to defendant City of Atlanta.

1. By statute, a municipality is relieved of liability resulting from a defect in a public road or sidewalk "when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred." OCGA § 32-4-93 (a). Implied or constructive notice of a defect may be shown in a variety of ways; for example, testimony as to how long the defect had existed prior to the accident (see *City of Silvertown v. Harcourt*, 51 Ga. App. 160 (2) (179 SE 772) (1935)), objective evidence that the defect had existed over time (*Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528 (2) (307 SE2d 47) (1983)), or evidence that other persons had also fallen as a result of the same condition over a period of years (*City of Rome v. Stewart*, 116 Ga. 738 (1) (42 SE 1011) (1902)). Notice may also be imputed to the city from the knowledge of its own agents or employees. *City of Rome v. Stone*, 46 Ga. App. 259 (5a) (167 SE 325) (1933).

In the case at hand defendant city denied actual notice of the alleged defect. Plaintiff presented no evidence whatsoever showing the city had implied or constructive notice. Even if the plaintiff could prove the existence of the alleged defect, which was a disputed matter, she was still not relieved from the burden of proving notice of the defect and negligence on the part of the city. See *Broadnax v. City of Atlanta*, 149 Ga. App. 611 (255 SE2d 86) (1979). Where no evidence is presented which would authorize a finding of actual or constructive knowledge of an alleged defect, judgment should be entered in favor of the municipality. See *City of Atlanta v. Hightower*, 177 Ga. App. 140 (338 SE2d 683) (1985); *City of Barnesville v. Sappington*, 58 Ga. App. 27 (197 SE 342) (1938).

2. We reject plaintiff's argument that the evidence presented raised the issue of negligent inspection. Atlanta City Ordinance § 9-3089 imposes a duty upon the Commissioner of Public Works to inspect public sidewalks and make necessary repairs. The construction of a statute or ordinance must square with common sense and sound reasoning. *Blalock v. State*, 166 Ga. 465 (1) (143 SE 426) (1928). This statutory duty to inspect cannot be interpreted as requiring constant monitoring of all public sidewalks so as to confer instantaneous implied notice of all defects or needs for repair. Cf. *City of Barnesville*

*v. Sappington,* supra at 30. Moreover, plaintiff failed to present any evidence showing a breach of the duty to inspect and repair. The Chief of Street Operations testified that supervisory personnel in that department made continuous inspections of the sidewalks in the course of their daily work. He testified that all complaints from citizens or reports of needs for repair from city personnel were recorded in writing and maintained in the department's files. The city also kept records of repairs or construction performed on the sidewalks. According to the official's testimony, a thorough search of these files revealed no complaints or reports of defects and no record of repairs made to the area of the sidewalk where plaintiff fell. Instead of supplying evidence of negligent inspection, the absence of any record of the alleged defect supports the city's denial of knowledge of the defect.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 14, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987 — 

*Charles M. Taylor II, Robert M. Goldberg,* for appellant.
*Thomas A. Bowman, Bruce Johnson, Nina M. Radakovich, Marva Jones Brooks,* for appellee.