**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 21, 2018**

# In the Court of Appeals of Georgia

A18A0625. CITY OF SAINT MARYS v. REED.                    DO-022

DOYLE, Presiding Judge.

This appeal arises from the trial court's denial of a motion for summary judgment filed by the City of Saint Marys in a trip and fall action filed by Eunice Reed, who sustained a fractured arm and other injuries after she fell on a sidewalk she claims is owned and maintained by the City. After the trial court denied the motion, it issued a certificate of immediate review, and this Court granted the City's application for interlocutory appeal. The City claims on appeal that the trial court erred by denying its motion for summary judgment. For the reasons that follow, we reverse.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law. We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.[1]

So viewed, the record reveals that Reed was injured in June 2007 while walking for exercise when she tripped and fell on a sidewalk, breaking her arm.[2] Reed testified that it was a clear day, nothing was obstructing the sidewalk, and she could have seen the crack in the sidewalk but did not notice it that day. Photographs of the sidewalk show a seam along two slabs causing one slab to be about 1.5 to 2 inches taller than the neighboring slab. Reed could not say for sure whether she tripped over the raised portion of the slab, but she "just knew that [her] feet hit something." She could not say the exact point on which she tripped, only that it was at that slab. After falling, she called her daughter and 911, and a fire truck responded. Reed's daughter transported her to the hospital, and the following day, Reed met with an officer, reporting her injury, and the officer prepared a report.

_____

[1] (Citation and punctuation omitted.) *Johnson Street Properties, LLC v. Clure*, 302 Ga. 51, 52 (1) (805 SE2d 60) (2017).

[2] The sidewalk was located along Georgia Spur 40 in St. Marys, Georgia, owned or maintained by the Georgia Department of Transportation ("DOT") and/or the City. Reed later voluntarily dismissed her claims against DOT.

The City filed numerous motions for summary judgment, and the trial court denied them, finding that questions of fact existed, inter alia, as to whether the City had constructive notice of the defect. We disagree and reverse.

> By statute, a municipality is relieved of liability resulting from a defect in a public road or sidewalk when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred. Implied or constructive notice of a defect may be shown in a variety of ways; for example, testimony as to how long the defect had existed prior to the accident, objective evidence that the defect had existed over time, or evidence that other persons had also fallen as a result of the same condition over a period of years. Notice may also be imputed to the city from the knowledge of its own agents or employees.[3]

"The question of constructive notice ordinarily is for the jury, except in the absence of any evidence of constructive notice that could create a fact question, and in such an instance, the issue of negligence is a matter of law. Further, the length of time a defect must exist in order for an inference of notice to arise is ordinarily a jury question."[4]

---

[3] (Citations and punctuation omitted.) *Crider v. City of Atlanta*, 184 Ga. App. 389 (1) (361 SE2d 520) (1987) (collecting cases).

[4] (Citations omitted.) *Clark v. City of Atlanta*, 322 Ga. App. 151, 153 (744 SE2d 122) (2013).

Pretermitting the issue of whether the City is responsible for the sidewalk, Reed has failed to present sufficient evidence that the City had actual or constructive notice of the defect. Similar to this Court's case in *City of Macon v. Brown*,[5] the trial court's order concludes that a fact question existed as to whether the City had actual notice of the defect based on the photographs of the defect submitted by Reed. Reed did not provide further evidence such as prior reports to the City or other evidence of when the defect first appeared or prior sightings of the defect by herself or others.[6] That said, the trial court determined that based on the photographs of the sidewalk, "[t]he crack was so long that it arguably should have been discovered by the City, even with a cursory sidewalk inspection program, prior to Plaintiff's injury." Nevertheless, as this Court explained in *Brown*,

> [w]hile the photographs may provide some basis for inferring age, without context or explanation, any conclusion as to the age of the alleged defect in the roadway would be mere speculation. The photographs only show the condition of the alleged defect in the roadway at one point in time . . . after the accident. The trial court's

---

[5] 343 Ga. App. 262 (807 SE2d 34) (2017).

[6] Compare with *Clark*, 322 Ga. App. at 153-154 (holding that a question of fact existed as to constructive notice based on an expert's analysis of photographs of the defect and images of the area taken a year prior to the plaintiff's injury).

4

analysis was based on its review of the photographs. But, the photographs alone do not establish how long the alleged defect took to develop and worsen, and [Reed] has not brought forth any additional evidence to contextualize or lend support to h[er] arguments regarding the length of time this area of the [sidewalk] had this defect.[7]

Accordingly, the trial court erred by denying the City's motion for summary judgment, and we need not address the City's remaining enumerations of error.

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

[7] *Brown*, 343 Ga. App. at 265, citing *Rischack v. City of Perry*, 223 Ga. App. 856, 859 (2) (479 SE2d 163) (1996); *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994).