**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 3, 2018**

# In the Court of Appeals of Georgia

A18A1094. CARPETCARE MULTISERVICES, LLC v. CARLE.

RICKMAN, Judge.

Carpetcare Multiservices, LLC sued former independent contractor Elgin Thomas Carle for breach of contract due to his alleged violation of a non-compete covenant. Carle filed a motion for judgment on the pleadings that the trial court granted. The trial court found that the non-compete covenant was void and unenforceable because it did not contain a geographic limitation as required by OCGA § 13-8-53 (a). On appeal, Carpetcare contends that the trial court erred in finding the non-compete covenant void and unenforceable. For the following reasons, we affirm.

> A motion for judgment on the pleadings is authorized where the undisputed facts that appear from the pleadings establish that the movant is entitled to judgment as a matter of law. All well-pleaded facts are to

be accepted as true. However, the trial court is not required to adopt a party's legal conclusions based on those facts.

(Citation and punctuation omitted.) *Lapolla Industries v. Hess*, 325 Ga. App. 256, 258 (2) (750 SE2d 467) (2013).

So viewed, the record shows that Carpetcare provided cleaning, repairing, and resurfacing services to apartment complexes. Carpetcare primarily utilized independent contractors for its services, and Carle was one of Carpetcare's independent contractors. As a condition of his contract, Carle signed a confidentiality and non-disclosure agreement ("the Agreement") which contained a non-compete covenant.

During Carle's contractual relationship with Carpetcare, he performed resurfacing work at several apartment complexes, including Greenhouse Apartments. After working for Carpetcare for approximately one year and a half, Carle's contractual relationship was terminated. Thereafter, Carle continued to provide resurfacing services to Greenhouse on behalf of his new employer, Carpetcare's competitor. Carle also continued to provide resurfacing services at other apartment complexes he worked at while employed by Carpetcare.

2

The complaint alleged that Carle's continued work at Greenhouse and the other apartment complexes breached the non-compete covenant contained in the Agreement. The non-compete covenant provided, "[Carle] agrees that during the term of [Carle's] relationship with [Carpetcare], and for a period of one (1) year after [Carle's] last day worked for [Carpetcare], regardless of the reason for [Carle's] termination, [Carle] will not provide any service identified herein to any customer with whom [Carle] had any contact during the term of his employment with [Carpetcare]."

Carpetcare contends that the trial court erred by granting Carle's motion for judgment on the pleadings, holding that the non-compete covenant was void and unenforceable for failure to contain a geographic limitation as required by OCGA § 13-8-53 (a). We disagree.

Pursuant to OCGA § 13-8-53 (a),"[e]nforcement of contracts that restrict competition during the term of a restrictive covenant, so long as such restrictions are reasonable in time, geographic area, and scope of prohibited activities, shall be permitted." However, regarding non-solicitation covenants, "[n]o express reference to geographic area or the types of products or services considered to be competitive shall be required in order for the restraint to be enforceable." OCGA § 13-8-53 (b).

3

Here, where the parties agree that the restrictive covenant at issue is a non-compete as opposed to a non-solicitation, the statute further clarifies what types of geographic limitation are required. "The phrase 'the territory where the employee is working at the time of termination' or similar language shall be considered sufficient as a description of geographic areas if the person or entity bound by the restraint can reasonably determine the maximum reasonable scope of the restraint at the time of termination." OCGA § 13-8-53 (c) (2). And certain presumptions regarding what is reasonable are built into the Code:

> In determining the reasonableness of a restrictive covenant that limits or restricts competition during or after the term of an employment or business relationship, the court shall make the following presumptions: . . . A geographic territory which includes the areas in which the employer does business at any time during the parties' relationship, even if not known at the time of entry into the restrictive covenant, is reasonable provided that: (A) The total distance encompassed by the provisions of the covenant also is reasonable; (B) The agreement contains a list of particular competitors as prohibited employers for a limited period of time after the term of employment or a business or commercial relationship; or (C) Both subparagraphs (A) and (B) . . .

OCGA § 13-8-56 (2). Additionally, "[a]ny restrictive covenant not in compliance with [OCGA § 13-8-50 through 13-8-59] is unlawful and is void and unenforceable;

4

provided, however, that a court may modify a covenant that is otherwise void and unenforceable so long as the modification does not render the covenant more restrictive with regard to the employee than as originally drafted by the parties." OCGA § 13-8-53 (d); see also OCGA § 13-18-54 (b).[1]

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). "To that end, we must afford the statutory text its 'plain and ordinary meaning,' we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citations and punctuation omitted.) Id. at 172-173 (1) (a). "[I]f the statutory text is 'clear and unambiguous,' we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." Id. at 173 (1) (a).

OCGA § 13-8-53 (a) clearly provides that non-compete covenants are permitted "so long as such restrictions are reasonable in time, geographic area, and

---

[1] The trial court held that it could not "blue pencil" in a geographic area without rendering the covenant more restrictive with regard to Carle. Carpetcare does not challenge the trial court's failure to "blue pencil" in a geographic area on appeal, instead focusing its argument on the trial court's alleged erroneous interpretation of the term "geographic area."

5

scope of prohibited activities[.]" As shown above, this same geographic restriction was excluded from OCGA § 13-8-53 (b) pertaining to non-solicitation agreements.

Carpetcare argues that the term "geographic area" should not be interpreted literally and the limitation as to the type of customer Carle could not have contact with under the non-compete covenant should satisfy the geographic area requirement. However, this interpretation is inconsistent with the language in both OCGA §§ 13-8-53 and 13-8-56 and would not afford the statutory text its "plain and ordinary" meaning. See *Deal*, 294 Ga. 172 (1). Because the non-compete covenant did not contain any reference to a geographic area limitation, it failed to comply with OCGA § 13-8-53 (a), and, thus, the trial court correctly determined that it was void and unenforceable. See OCGA § 13-8-53 (d); see also *Mayor v. Harris*, 302 Ga. 853, 855 (808 SE2d 806) (2018) ("Because the statutory text of [the statute at issue] is clear and unambiguous, we attribute to the statute its plain meaning . . . and our search for statutory meaning is at an end.") (citation and punctuation omitted"); *Deal*, 294 Ga. at 173 (1) (a).

*Judgment affirmed. McFadden, P. J., concurs. Ray, J., dissents.**

*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).

# In the Court of Appeals of Georgia

A18A1094. CARPETCARE MULTISERVICES, LLC v. CARLE.

RAY, Judge, dissenting.

In this case, the central question is whether it is reasonable, and thus legally enforceable, for an employer to prevent its former employee for a period of one year after his employment ends from providing similar services to any customer with whom the employee worked during his time with his former employer, wherever such customer may be located. The majority finds that the absence of a geographic area restriction in the non-compete covenant at issue means that such restriction is not proper. I disagree and, therefore, dissent.

It is true that a restrictive covenant must be reasonable in "time, geographic area, and scope of prohibited activities" so as to be enforceable. OCGA 13-8-53(a).

And, it is also true that the non-compete covenant in the instant case did not contain an expressed geographic area restriction. What it did include, however, is a limitation that the Appellee/Employee could not work (for a limited time) for any of the Appellant/Employer's customers with whom he had worked while still employed with the Appellant. Thus, this covenant by its own terms is inherently and indisputably reasonable. It protects the Appellants's interest in its relationship with its customers; but also, it allows the Appellee to compete with his former employer anywhere, at any time, and to do anything, so long as it is not for a customer with whom he had previously served.

The majority believes that statute requires a geographic restriction. It does not.[1] Rather, the statute only requires that any geographic area restriction be reasonable. Since no geographic restriction exists in this covenant, and it is limited in that it applies just to customers with whom the Appellee has previously worked, then the lack of a geographic area restriction is of no consequence.

---

[1] If there needed to be a geographic limitation, then I also believe the trial court may have erred when it concluded that it did not have the authority to "bluepencil" or narrow the scope of this non-compete covenant pursuant to OCGA § 13-8-54(b), such as to limit the geographic area to the Appellant's principle operating area.

Consider for the moment the practical effect of the majority's ruling. The Appellant could have written the non-compete covenant to prevent the Appellee from providing similar services in the Appellant's home of Cobb County to anyone, regardless whether the Appellee had worked for such customers previously or not, and such covenant would have been enforceable.[2] But, by limiting the restriction only to the Appellant's customers for whom the Appellee had actually worked while employed with the Appellant, wherever they may be, the majority would declare that such covenant is invalid. I find that such a holding is not supported by the statute or otherwise a reasonable outcome to this matter.[3]

---

[2] See *Raiford v. Kramer*, 231 Ga. 757, 758 (204 SE2d 171) (1974) (holding that a contract prohibiting a doctor from practicing ophthalmology in the counties of Fulton, Clayton, Cobb, DeKalb, and Gwinnett for a period of two years was reasonable as to time and territory); see also *McMurray v. Bateman*, 221 Ga. 240, 255 (4) (144 SE2d 345) (1965) (holding that a restrictive covenant prohibiting a doctor from practicing medicine or surgery within a fifty mile radius from his former medical office was not too broad).

[3] I note that the practical effort of the majority's ruling for these litigants is minimal as the covenant at issue has now expired by its own terms since more than a year has elapsed. As to similarly situated litigants in the future, that's a different story.