**FIFTH DIVISION
RICKMAN, C. J.,
MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 4, 2022**

# In the Court of Appeals of Georgia

A21A1603. AMERICAN PLUMBING PROFESSIONALS, INC. v.
SERVESTAR, LLC et al.

PHIPPS, Senior Appellate Judge.

American Plumbing Professionals, Inc. ("APP") appeals from the trial court's order granting summary judgment to defendants ServeStar, LLC and former APP chief operating officer Aaron Miller (collectively, "ServeStar") on APP's claim for tortious interference with employment relations in this business dispute. On appeal, APP contends that the trial court erred in granting ServeStar summary judgment on this claim on the basis that the geographic limitations in two identical non-compete covenants are vague and therefore void and unenforceable. In the alternative, APP argues that the trial court erred in declining to modify the terms of the non-compete covenants pursuant to OCGA § 13-8-53 (d). For the following reasons, we vacate the

trial court's grant of summary judgment on the claim at issue here and remand the case to the trial court for further consideration.

The record shows that APP filed a complaint for injunctive relief and damages against ServeStar and several former APP employees, which it subsequently amended several times. As relevant here, APP alleged that ServeStar induced former APP employees to violate their employment agreements with APP.

All of the defendants filed a motion for summary judgment in May 2018. In June 2020, ServeStar filed a supplemental motion for summary judgment. In an October 2020 order, the trial court granted summary judgment to ServeStar on APP's claims for tortious interference with employment relations and breach of fiduciary duty, but denied summary judgment to ServeStar on all remaining claims.[1] With respect to the tortious interference with employment relations claim, the trial court explained that ServeStar cannot be liable on the claim if the non-compete agreements in APP's employment agreements are unenforceable. The trial court stated:

> In [a prior order dated] January 9, 2019 . . . , the Court already found that most of the non-compete agreements at issue contained vague geographic limitations, and thus were void and unenforceable. . . .

---

[1] The trial court's order notes that APP voluntarily dismissed all claims against the remaining defendants.

However, the Court did not reach the issue whether former APP employees [Zylas] Hamilton and [Christian] Edmondson's non-compete agreements were enforceable because they no longer worked for ServeStar.

The Court now finds Hamilton and Edmondson's employment agreements unenforceable and declines APP's request to modify them under OCGA § 13-8-53 (d). The restrictive covenants in those contracts suffer from similar defects as the other non-compete covenants in the contracts found unenforceable in the January 9, 2019 Order. Hamilton's non-compete agreement defines the geographic restriction as "the territory where Employee provided services on behalf of [APP] during the last twelve months of his or her employment," which extended "throughout those parts of the United States of America where [APP] transacts business. . . . Edmondson's non-compete agreement uses the same language in its geographic restriction.

Thus, the restrictive covenants in the former APP employees' employment contracts are unenforceable.

This appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *City of St. Marys v. Reed*, 346 Ga. App. 508, 508 (816 SE2d 471) (2018); see OCGA § 9-11-56 (c). We review a grant of summary judgment de novo. *City of St. Marys*, 346 Ga. App. at 508.

3

APP contends that the trial court erred in granting ServeStar summary judgment on the tortious interference with employment relations claim on the basis that the geographic limitations in the non-compete covenants for former APP employees Hamilton and Edmondson are vague and therefore void and unenforceable.[2] We agree.

If the non-compete covenants at issue on appeal are unenforceable, ServeStar cannot be held liable for interfering with them. See *Lapolla Indus. v. Hess*, 325 Ga. App. 256, 264 (2) (750 SE2d 467) (2013) (claim for tortious interference with employment agreements cannot be based on unenforceable non-compete covenants). The covenants at issue on appeal were entered into in 2018, so they are governed by Georgia's Restrictive Covenants Act ("RCA"), OCGA § 13-8-50 et seq. See *Kennedy v. Shave Barber Co., LLC*, 348 Ga. App. 298, 301 (822 SE2d 606) (2018) (non-compete covenants entered into after May 11, 2011, are governed by the RCA). The RCA requires courts to construe a restrictive covenant "to comport with the

[2] On appeal, APP does not challenge the trial court's ruling that the non-compete covenants for the other employees are unenforceable. APP specifically limits its appeal to the trial court's determination that the geographic limitations in the non-compete provisions of the employment agreements for Hamilton and Edmondson "were facially void and unenforceable[,]" noting that "[t]he trial court's ruling did not determine that the non-compete covenants were void or unenforceable for any other reason."

4

reasonable intent and expectations of the parties to the covenant and in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement." OCGA § 13-8-54 (a). Pursuant to the RCA, "enforcement of contracts that restrict competition during the term of a restrictive covenant, so long as such restrictions are reasonable in time, geographic area, and scope of prohibited activities, shall be permitted." OCGA § 13-8-53 (a).

With respect to geographic area, the RCA specifically states that a geographic restriction is presumed to be reasonable if (a) it "includes the areas in which the employer does business at any time during the parties' relationship, even if not known at the time of entry into the restrictive covenant," and (b) "[t]he total distance encompassed by the provisions of the covenant also is reasonable[.]" OCGA § 13-8-56 (2) (A).

The RCA also provides the following guidance regarding the language that is necessary for geographic limitations in non-compete covenants: "[t]he phrase 'the territory where the employee is working at the time of termination' or similar language shall be considered sufficient as a description of geographic areas if the person or entity bound by the restraint can reasonably determine the maximum reasonable scope of the restraint at the time of termination." OCGA § 13-8-53 (c) (2).

5

Furthermore, "[w]henever a description of . . . geographic areas[] is required by this Code section, any description that provides fair notice of the maximum reasonable scope of the restraint shall satisfy such requirement, even if the description is generalized or could possibly be stated more narrowly[.]" OCGA 13-8-53 (c) (1).

Here, the geographic restriction in the non-compete covenants for both Hamilton and Edmondson provides:

> For purposes of this Section, the term "Restricted Territory" shall mean the territory where Employee provided services on behalf of [APP] during [the] last twelve months of his or her employment which, in light of the company-wide nature of the Confidential Information and business relationships developed and maintained by Employee on behalf of [APP], Employee acknowledges to extend throughout those parts of the United States of America where [APP] transacts business.

In the order at issue here, the trial court found that these restrictive covenants "suffer from similar defects as" other non-compete covenants that the trial court had previously found "contained vague geographic limitations, and thus were void and unenforceable." The trial court did not otherwise explain why it found the geographic restriction in the non-compete covenants for Hamilton and Edmondson to be vague or otherwise defective, and did not indicate that it had considered whether the description of the geographic limitation complied with OCGA § 13-8-53 (c). In its

6

previous order finding other non-compete provisions unenforceable in this case, the trial court relied on *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68, 68 (1) (274 SE2d 329) (1981), in which the Supreme Court of Georgia held that "a territorial restriction which cannot be determined until the date of the employee's termination is too indefinite to be enforced." However, *Koger Properties* predated the RCA, which expressly states that a description of a geographic area using "[t]he phrase 'the territory where the employee is working at the time of termination' or similar language" is sufficient "if the person or entity bound by the restraint can reasonably determine the maximum reasonable scope of the restraint *at the time of termination*." OCGA § 13-8-53 (c) (2) (emphasis supplied). Thus, under the RCA, a geographic restriction may be enforceable even if its maximum reasonable scope cannot be determined until the date of the employee's termination.

APP argues that the geographic restriction in the Hamilton and Edmondson non-compete agreements is valid and enforceable under the RCA. APP cites *Heartland Payment Systems, LLC v. Stockwell*, 446 FSupp.3d 1275, 1283 (III) (D) (2) (N.D. Ga. 2020), in which the court, applying the RCA, upheld a non-compete covenant containing the following geographic restriction: "in the geographic area in which the Company conducts business[.]" In *Stockwell*, the employer was a Georgia-

based provider of payment-processing technology services and products throughout the United States. Id. at 1279 (II) (A). The employer sought enforcement of the covenant only in Oklahoma and Texas, which the court concluded was reasonable "given that [the employee] worked for [the employer] with nationwide responsibilities and is now working for [a competitor] in those states." Id. at 1284 (III) (D) (2). Citing OCGA § 13-8-53 (c) (1), the court found that the employee "had fair notice of the maximum . . . territory . . . restriction[] encompassed by the non-competition covenant" because it was set forth in the employment agreement. Id.

ServeStar contends that the "restriction at issue in this case is not at all like the one at issue" in *Stockwell*, which ServeStar characterizes as "clear," but "is more like the one at issue" in *CarpetCare Multiservices, LLC v. Carle*, 347 Ga. App. 497 (819 SE2d 894) (2018) (physical precedent only). However, in *CarpetCare*, this Court held that the trial court correctly determined that a non-compete covenant failed to comply with OCGA § 13-8-53 (a) because it "did not contain any reference to a geographic area limitation." *CarpetCare*, 347 Ga. App. at 500. Here, Hamilton's and Edmondson's employment agreements contain a geographic restriction. Thus, ServeStar's contention that the geographic restriction in this case is similar to the one at issue in *CarpetCare* has no merit.

8

ServeStar also contends that the language of the geographic restriction is vague because the term "territory" could mean a neighborhood, a city, a county, a state, or some other geographic region like the southeastern United States. In addition, ServeStar argues that the scope of geographic limitation could mean (a) any territory where the employee provided services on behalf of APP; (b) any territory where APP transacts business, whether the employee provided services there or not; or (c) a territory where both the employee provided services and APP does business. In response, APP argues that the non-compete agreements for Hamilton and Edmondson are similar to the covenant in *Stockwell* in that they "covered the territory where the company did business and where the employee provided services[.]"

Construing the restrictive covenants, as we must, "to comport with the reasonable intent and expectations of the parties to the covenant and in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement[,]" we find that the language of Hamilton's and Edmondson's non-compete covenants sufficiently describes the geographic restriction because it complies with OCGA § 13-8-53 (c). OCGA § 13-8-54 (a). The phrase "the territory where Employee provided services on behalf of [APP] during [the] last twelve months of his or her employment" is similar to the language sanctioned by

9

OCGA § 13-8-53 (c) (2), "the territory where the employee is working at the time of termination[.]" Furthermore, the language "which . . . Employee acknowledges to extend throughout those parts of the United States of America where [APP] transacts business" describes the extent of "the territory where Employee provided services on behalf of the [APP]" and allows the employee to "reasonably determine the maximum reasonable scope of the restraint at the time of termination." See OCGA § 13-8-53 (c) (2). Although the description "is generalized or could possibly be stated more narrowly[,]" the description satisfies the statutory requirement because it "provides fair notice of the maximum reasonable scope of the restraint[.]" OCGA 13-8-53 (c) (1); see *Stockwell*, 446 FSupp.3d at 1284 (III) (D) (2) (former employee had "fair notice" of restrictions set forth in employment agreement). Consequently, the trial court erred in determining that Hamilton's and Edmondson's non-compete covenants are unenforceable on the basis that they contain vague geographic limitations.[3]

On appeal, APP does not address whether the geographic restriction is reasonable or whether the non-compete covenants for Hamilton and Edmondson are

_____

[3] In light of our conclusion that the non-compete covenants for Hamilton and Edmondson sufficiently describe the geographic restriction, we need not address APP's argument that the trial court erred by declining to modify the terms of the non-compete covenants pursuant to OCGA § 13-8-53 (d).

otherwise enforceable under the RCA. Nor does either party address on appeal whether ServeStar is entitled to summary judgment on APP's tortious interference with employment relations claim even if the non-compete covenants at issue here are enforceable. Consequently, we vacate the grant of summary judgment to ServeStar on APP's claim for tortious interference with employment relations and remand the case to the trial court for further consideration of whether ServeStar is entitled to summary judgment on this claim for other reasons. See *City of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002) (appellate court may decline to apply the right-for-any-reason rule where legal theories not addressed by the trial court were not properly briefed by all parties on appeal).

*Judgment vacated and case remanded with direction. Rickman, C. J., and McFadden, P. J., concur*.