**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 3, 2025**

# In the Court of Appeals of Georgia

A25A0586. CITY OF VIDALIA v. JOHNSON.

MARKLE, Judge.

Amy Johnson sued the City of Vidalia ("the City") for negligence and nuisance after she injured herself when she tripped over an uneven sidewalk. The City moved for summary judgment, arguing it did not have actual or constructive notice of the damaged sidewalk; there was no statutory duty to inspect sidewalks; and Johnson's own lack of ordinary care and contributory negligence precluded recovery. The trial court denied the motion because it found there was evidence the City had constructive notice of the defect, and the City's failure to maintain the sidewalks was more than mere negligence sufficient to make out a nuisance claim. The City now appeals, and for the reasons that follow, we reverse.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "We review the . . . denial of summary judgment de novo, viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Cook v. SMG Constr. Svcs.*, 373 Ga. App. 354, 355 (1) (908 SE2d 387) (2024).

So viewed, the record shows that Johnson and a friend were running on Center Drive in the City late one afternoon in June 2018. They opted to run up the east side of this particular street because it had a sidewalk. Although Johnson was checking her surroundings as she ran, and nothing blocked her view, she did not see the uneven portion of the sidewalk and she fell, shattering her right shoulder and bruising her face. The friend, who was running ahead of Johnson, had noticed the uneven portion of the sidewalk and was able to avoid it.

About six months or so after the fall, Johnson returned to the spot on Center Drive where she fell and took a photo of the uneven sidewalk. She then sued the City

for negligence and nuisance.[1] The City moved for summary judgment, arguing that it had no statutory duty to inspect the sidewalks; it had no actual or constructive knowledge of the damaged sidewalk; there was no evidence the City was negligent in maintaining the sidewalks; and Johnson had equal knowledge of the risk and failed to exercise ordinary care.

In support of its motion, the City submitted depositions of William Torrence, the City manager, and Robert Akins, who was employed by the company the City hired to manage public works. Torrence explained that the City's informal policy required employees to report any issues with sidewalks, and it had not received any reports about this area. In 2004, the City Council approved money for a program to repair sidewalks, but Torrence could not say whether the program ever went into effect. Instead, several years later, the owner of Georgia Safe Sidewalks ("GSS") approached Torrence offering to repair dislodged sidewalks in certain areas. GSS did additional repairs in 2012 and 2013, including on the west side of Center Drive. Torrence never asked GSS to make repairs to the east side of the street.

---

[1] Johnson originally sued the City and two entities responsible for repairing sidewalks. The complaint was dismissed without prejudice, and the instant complaint was filed as a renewal action naming only the City as defendant.

Akins confirmed that his crew was not contracted to do any inspection, maintenance, or repairs of the City's sidewalks from 2013 to 2018. He was only alerted to the sidewalk defect after Johnson fell. And when he went to inspect the area, he could see that the sidewalk was not level and could be a trip hazard.

Johnson opposed the summary judgment motion, arguing that issues of nuisance, negligence, and contributory negligence were for the jury; the City knew it had an obligation to maintain and repair its sidewalks; and it had constructive notice of the hazard. Attached to the motion were photos of the relevant location taken six months after the accident, showing a sidewalk displacement of about two inches. Johnson also pointed to the deposition testimony of GSS owner Todd Fulk, who explained that sidewalk displacement is common due to ground shifting over time. Fulk opined that sidewalk displacement is visible, and anyone walking would be able to see it. Fulk stated that he did repair projects for the City, including in 2013 when the City hired him to make repairs to the sidewalk on the west side of Center Drive.

Following a hearing, the trial court denied the City's summary judgment motion. First, the trial court found that the City failed to show it had sufficiently maintained its sidewalks. The court noted that, even if the City did not have actual

knowledge of the defects in its sidewalks, there were questions of fact as to how long the defect existed for purposes of the City's constructive knowledge. Next, the court rejected the argument that Johnson failed to exercise ordinary care because the law did not require that Johnson look down while she was running. Finally, the trial court found the City's failure to keep its sidewalks in repair was more than mere negligence for purposes of the nuisance claim. The City obtained a certificate of immediate review, and this interlocutory appeal followed.

In related enumerations of error, the City argues that the trial court erred by denying its motion for summary judgment because (1) the City had no actual or constructive knowledge of the hazard as required under OCGA § 32-4-93 to impose liability on it; (2) Johnson had equal or superior knowledge of the displaced sidewalk, as it was an open and obvious static defect; and (3) there was insufficient evidence to show the sidewalk was a nuisance. We agree that the City was entitled to summary judgment.

1. The City first argues that the trial court erred because the City had no duty to inspect sidewalks, and the liability for negligent maintenance as set forth in OCGA § 32-4-93 only applies when the municipality makes repairs in a negligent manner. It

further contends that it can only be liable in this case if it had actual or constructive notice of the specific hazard. In contrast, Johnson asserts that the City has a duty to maintain its sidewalks and it had constructive notice of the defect.

It is well settled that a city has a duty to keep its sidewalks in a reasonably safe condition. *Roquemore v. City of Forsyth*, 274 Ga. App. 420, 422 (617 SE2d 644) (2005). Nevertheless, under OCGA § 32-4-93 (a),

> [a] municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.

See also *Tucker v. City of Thomasville*, 367 Ga. App. 700, 701 (888 SE2d 265) (2023); *City of Vidalia v. Brown*, 237 Ga. App. 831, 833 (1) (516 SE2d 851) (1999) (OCGA § 32-4-93 (a) applies to sidewalks). Here, Johnson has not shown a question of fact sufficient to survive summary judgment.

"[A] city has an obligation to keep streets and sidewalks free from obstructions and may be liable for negligent performance of this ministerial duty." *Rutherford v. DeKalb County*, 287 Ga. App. 366, 369 (1) (b) (651 SE2d 771) (2007); see also *Gatto*

6

*v. City of Statesboro*, 312 Ga. 164, 167 (1), n. 4 (860 SE2d 713) (2021). But we have never held that a passive failure to maintain a sidewalk would be a basis for liability. Rather, in cases addressing negligent maintenance, we have identified some affirmative action the city performed in a negligent manner. See, e.g., *City of Suwanee v. Padgett*, 364 Ga. App. 34, 37 (3) (a) (873 SE2d 712) (2022) (city's decision to plant a tree too close to sidewalk, which then caused the sidewalk to "heave," was sufficient to survive summary judgment on claim of negligent construction or maintenance); compare *Roquemore*, 274 Ga. App. at 423 ("[T]here is no evidence that any negligence on the part of city employees *caused* the streetlight to malfunction.") (emphasis supplied).

Additionally, we have never imposed liability on a municipality for the negligent maintenance of its streets and sidewalks in the absence of notice of the defect.[2] See

---

[2] In her brief, Johnson argues that there is no notice requirement where the City was negligent in its maintenance of the sidewalk. But our case law set forth above has recognized that a claim based on negligent maintenance requires a showing of notice. Johnson also argues that the City tasked all its employees with inspecting sidewalks, but they did so negligently because they were not trained to inspect or identify defects. Pretermitting whether the City was required to have a formal inspection procedure, Johnson has offered no evidence to show how long the sidewalk had been uneven; thus, she cannot show that the damaged sidewalk would have been discovered. See *Naraine v. City of Atlanta*, 306 Ga. App. 561, 564 (1) (b) (703 SE2d 31) (2010) ("given the absence of evidence of any accidents occurring in the area of [plaintiff's] fall due

7

*Herrera*, 343 Ga. App. at 428 (1) ("[M]unicipalities generally have a ministerial duty to keep their streets in repair, and they are liable for injuries resulting from defects after actual notice, or after the defect has existed for a sufficient length of time for notice to be inferred.") (citation and punctuation omitted); *Crider v. Atlanta*, 184 Ga. App. 389 (1) (361 SE2d 520) (1987) ("Where no evidence is presented which would authorize a finding of actual or constructive knowledge of an alleged defect, judgment should be entered in favor of the municipality.").

Turning to whether Johnson created a factual question as to the City's notice, we have explained,

> [b]y statute, a municipality is relieved of liability resulting from a defect in a public road or sidewalk when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred. Implied or constructive notice of a defect may be shown in a variety of ways; for example, testimony as to how long the defect had existed prior to the accident, objective evidence that the defect had existed over time, or evidence that other persons had also fallen as a result of the same condition over a period of years. Notice may

---

to ice or spillage of water from the fountain into the area at issue, the City had no duty to inspect the fountain at the time of the incident."). Moreover, to the extent that she complains that the employees were not properly trained to appreciate the hazard, their evidence showed that identifying sidewalk hazards did not require an expert.

also be imputed to the city from the knowledge of its own agents or employees.

(Citation omitted.) *City of St. Marys v. Reed*, 346 Ga. App. 508, 509 (816 SE2d 471) (2018); see also OCGA § 32-4-93; *Crider*, 184 Ga. App. at 389 (1).[3] None of those factors are present here. There were no reports of prior injuries and no testimony that any City employee was aware of the defect before Johnson's fall. Nor was there any evidence as to how long the defect could have been there such that a fact-finder could infer knowledge.

The only evidence Johnson submitted to establish the City's constructive knowledge was photographs taken months *after* the fall.

> [W]hile the photographs may provide some basis for inferring age, without context or explanation, any conclusion as to the age of the alleged defect in the sidewalk would be mere speculation. The photographs only show the condition of the alleged defect in the sidewalk at one point in time after the accident. . . . But, the photographs alone do not establish how long the alleged defect took to develop and worsen, and [Johnson] has not brought forth any additional evidence to contextualize or lend support to her arguments regarding the length of time this area of the sidewalk had this defect.

---

[3] Johnson does not contend the City had actual notice.

(Citations and punctuation omitted.) *City of St. Marys*, 346 Ga. App. at 510. And, as Fulk testified, sidewalks are constantly shifting due to a variety of factors; a photo taken months after would give no indication of what the sidewalk looked like on the day of the accident, and thus provides no insight into the City's constructive knowledge. Compare *Clark v. City of Atlanta*, 322 Ga. App. 151, 153-154 (744 SE2d 122) (2013) (photos of sidewalk showing its condition in the years preceding plaintiff's fall coupled with photos taken two months after were sufficient to create jury question).

Johnson argues that she was not relying *solely* on the photographs to show constructive notice, but also on Fulk's testimony regarding sidewalk displacements. But Fulk's testimony does not create a factual question about whether the hazard was present for a sufficient length of time to infer knowledge, nor was the testimony specific to the location where Johnson fell. Thus, Johnson's claim fails due to her inability to proffer any evidence that would raise a question of fact as to the City's constructive notice, and the City was entitled to summary judgment on the negligence claim.[4]

---

[4] The City further contends that Johnson failed to exercise ordinary care and had equal or superior knowledge of the defect, which was an open and obvious static

2. The City also argues that it was entitled to summary judgment on the nuisance claim. Again, we agree.

A municipality may be held liable for damages it causes due to maintenance of a nuisance. *City of Atlanta v. Dale*, 353 Ga. App. 817, 818 (2) (840 SE2d 56) (2020). To establish a nuisance, Johnson must show:

> (1) The defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. (A single isolated act of negligence is not sufficient to show such a negligent trespass as would constitute a nuisance.) (2) The act must be of some duration and the maintenance of the act or defect must be continuous or regularly repetitious. (3) Failure of the municipality to act within a reasonable time after knowledge of the defect or dangerous condition.

(Citation and punctuation omitted.) Id. Although generally a question for the jury, in some cases, the question of nuisance can be a question of law. Id.

Under the facts of this case, we can say as a matter of law that Johnson cannot establish nuisance. Johnson has offered no evidence that the City's conduct was more than mere negligence or anything other than an isolated incident. Nor does she offer evidence that the City failed to remove the defect after learning of it. Notably, the

condition. In light of our conclusion in Division 1, we need not address these issues.

11

friend with whom Johnson was running traversed the uneven sidewalk without issue. Given the facts of this case, Johnson's claim for nuisance fails, and the City was entitled to summary judgment. *Dale*, 353 Ga. App. at 818 (2); see also *Mayor and Aldermen of City of Savannah v. Altman*, No. A24A1829, ___ Ga. App. ___ (2) (913 SE2d 729, 732 (2) (2025) (city entitled to summary judgment on nuisance claim arising from buckled sidewalk where city showed lack of evidence in the record that sidewalk constituted a public nuisance "that injures all members of the public who come in contact with it."); *Thompson v. City of Atlanta*, 274 Ga. App. 1, 4 (1), (2) (616 SE2d 219) (2005) (nuisance claim failed where evidence of notice of defect was speculative or uncertain).

*Judgment reversed. Doyle, P. J., and Padgett, J., concur.*